AF Approval _____   Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:18-cr-31-T-30SPF

HECTOR RUIZ-ANGULO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

KARIN HOPPMANN ACTING

Maria Chapa Lopez, United States Attorney for the Middle District of

(DMB) Florida, and the defendant, Hector Ruiz-Angulo, and the attorney for the

defendant, Daniel Hernandez, Esquire, mutually agree as follows:

A.    **Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment. Count One charges the defendant with conspiracy to distribute

and possess with intent to distribute five kilograms or more of cocaine, while

on board a vessel subject to the jurisdiction of the United States, in violation of

46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

Defendant's Initials _HRA_

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of ten years up to life imprisonment, a fine of up to $10 million, a term of supervised release of at least five years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    *Alleyne v. United States* and *Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum sentence of ten (10) years imprisonment and a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant conspired to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine on a vessel subject to the jurisdiction of the United States.

Defendant's Initials _H R H_        2

4.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:     two or more people in some way agreed to accomplish a shared and unlawful plan as charged in the Indictment;

Second:    the defendant knew the unlawful purpose of the plan and willfully joined in it; and

Third:     the object of the unlawful plan was to distribute and possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States.

Although not an element of the offense charged in Count One, the government has the burden of establishing that the subject vessel was subject to the jurisdiction of the United States. Whether or not a vessel is subject to the jurisdiction of the United States is a preliminary question of law to be determined by the trial judge rather than an element of the offense submitted to the jury. 46 U.S.C. § 70504(a). See also, *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002), *cert. denied*, 538 U.S. 909, 123 S. Ct. 1484, 155 L. Ed. 2d 231 (2003); *United States v. Barona-Bravo*, 685 F. App'x 761, 769 (11th Cir. 2017).

Defendant's Initials HRA        3

5.    Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _H R A_          4

8.    Acceptance of Responsibility—Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _HRA_    5

9.    Cooperation—Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing

Defendant's Initials  H R A          6

of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Use of Information—Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.    Cooperation—Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation

Defendant's Initials _HRA_          7

that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by

Defendant's Initials *H R H*          8

imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by decision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials _HRA_                9

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

Defendant's Initials _H R A_                    10

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials _H R A_          11

States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials _H R A_                    12

agreement. The forfeitability of any particular property pursuant to this

agreement shall be determined as if the defendant had survived, and that

determination shall be binding upon defendant's heirs, successors and assigns

until the agreed forfeiture, including any agreed forfeiture amount, is collected

in full.

**B.     Standard Terms and Conditions**

      1.     Restitution, Special Assessment and Fine

           The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C.

§ 3663, including restitution as to all counts charged, whether or not the

defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement. The defendant further

understands that compliance with any restitution payment plan imposed by

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Defendant's Initials _H R A_       13

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _H R A_         14

4.    Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal

activities, if any, not limited to the count to which defendant pleads, to

respond to comments made by the defendant or defendant's counsel, and to

correct any misstatements or inaccuracies. The United States further reserves

its right to make any recommendations it deems appropriate regarding the

disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition. The defendant

promises that his financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which he has any interest or

over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party. The

defendant further agrees to execute any documents requested by the United

Defendant's Initials _H RA_        15

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _H R A_                16

Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials H R H          17

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials _H R A_                18

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _H R A_          19

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

From an unknown date and continuing through in or around October 2017, the defendant Hector Ruiz-Angulo (RUIZ) was a knowing and willing participant in a plan to smuggle more than five kilograms of cocaine by sea on vessels subject to the jurisdiction of the United States. It was reasonably foreseeable to RUIZ that the conspiracy involved the distribution of five or more kilograms of cocaine.

During the time period in the indictment, the defendant was part of a transnational criminal organization that dispatched self-propelled semi-submersible (SPSS) vessels from Colombia into the Pacific Ocean destined for Sinaloa Cartel members in the area of Puerto Escondido, Oaxaca, Mexico. It was known, intended, and reasonably anticipated that the cocaine onboard the vessels were intended for the United States. The defendant and others in the indictment had the following duties and responsibilities within the organization:

Defendant's Initials *H R H*    20

Fernando Pineda-Jimenez – Boss of the organization;

Rodrigo Pineda-Torres – Organizer of SPSS venture in Colombia in mid to late-2017, organizer of SPSS trips from Atlantic Coast of South America to Africa, and relative of Fernando Pineda-Jimenez;

Luis Perez-Quevedo – Logistics manager responsible for SPSS radio communications and security at the SPSS construction sites;

Adrian Luna-Munoz – Oversee of the overall SPSS construction;

Yesid Torres-Solis – Facilitator at SPSS construction sites; and

RUIZ – Facilitator at SPSS construction sites.

For each SPSS, the organization employed a similar procedure. First, a construction site was secured, within the jungles of Colombia. Members of the organization would coordinate the transportation of materials and construction of housing for the workers. This task generally took about five to six days.

From there, a crew of carpenters would be added to the construction site for the wood construction phase of the SPSS. After three to four days, fiberglass fabricators were given access to the construction site to complete the fiberglass construction of the SPSS. This process took approximately two to three weeks.

Defendant's Initials *H R A*    21

Following this, mechanics would install the engines. Upon full completion the SPSS would be relocated for storage away from the initial construction sites until ready for departure. The total construction time for each SPSS, from the development of the temporary housing to the installation of the engines, took over a month. Once a worker was introduced to the construction site, they were generally not permitted to leave until the SPSS had been completed. Once completed, the workers were generally transported to a beach area in Colombia where they remained until final departure of the SPSS. As a facilitator for the construction of SPSS vessels, RUIZ was generally present on-site throughout the construction process.

### A.    July 18, 2015 Interdiction in International Waters

On July 18, 2015, the Coast Guard Cutter STRATTON interdicted an SPSS in international waters south of Puerto Escondido, Mexico. The SPSS was carrying four crewmen and approximately 6,900 kilograms of cocaine, of which a portion remained on the SPSS for ballast and stability while it was being towed. The SPSS ultimately sank and the total amount of cocaine recovered was 5,621 kilograms.

Defendant's Initials _H_ _R_ _A_          22

The master of the vessel made a claim of Colombian nationality for the SPSS; however, the Colombian government could neither confirm nor deny registry of the SPSS and it was subsequently treated as a vessel subject to the jurisdiction of the United States. On October 1, 2015, Senior District Judge Richard A. Lazzara entered an order finding that the SPSS was a vessel subject to the jurisdiction of the United States.

RUIZ was involved in facilitating the construction of this SPSS. Communications between RUIZ and others intercepted in accordance with Colombian law discuss the interdiction of this SPSS.

**B.     August 31, 2015 Interdiction in International Waters**

On August 31, 2015, the Coast Guard Cutter BERTHOLF interdicted an SPSS approximately 321 nautical miles south of Mexico in international waters. The SPSS was carrying four crewmembers and approximately 6,845 kilograms of cocaine. The master of the vessel made no claim of nationality for the SPSS and it was subsequently treated as a vessel without nationality subject to the jurisdiction of the United States.

RUIZ was involved in facilitating the construction of this SPSS. Communications between RUIZ and others intercepted in accordance with Colombian law discuss the interdiction of this SPSS and that a new one will be dispatched.

Defendant's Initials _H R A_                    23

### C.    March 3, 2016 Interdiction in International Waters

On March 3, 2016, the Coast Guard Cutter BERTHOLF
interdicted an SPSS approximately 355 nautical miles south of Panama in
international waters. The SPSS was carrying four crewmembers, two GPS
devices, a satellite phone, a 9mm pistol, and approximately 5,824 kilograms of
cocaine.

The master of the vessel made a claim of Ecuadorian nationality
for the SPSS; however, the Ecuadorian government could neither confirm nor
deny registry of the SPSS and it was subsequently treated as a vessel subject to
the jurisdiction of the United States. On April 11, 2016, a certification from
the United States Department of State was filed confirming that the SPSS was
a vessel without nationality subject to the jurisdiction of the United States.

RUIZ was involved in facilitating the construction of this SPSS.
A communication between RUIZ and a coconspirator in January 2016,
intercepted in accordance with Colombian law, discuss traveling to the SPSS
construction site.

### 12.    Entire Agreement

This plea agreement constitutes the entire agreement between the
government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials _H R A_          24

and no other promises, agreements, or representations exist or have been
made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea
agreement has been read in its entirety by (or has been read to) the defendant
and that defendant fully understands its terms.

DATED this 6TH day of APRIL , 2020.

KARIN HOPPMANN
MARIA CHAPA LOPEZ
Acting United States Attorney

Hector Ruiz-Angulo
Defendant

Daniel M. Baeza
Assistant United States Attorney

Daniel Hernandez, Esq.
Attorney for Defendant

Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime

25