UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:18-cr-31-WFJ-SPF

HECTOR RUIZ-ANGULO
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Hector Ruiz-Angulo, USM#: 73690-018, moves, *pro se*, (Dkt. 384) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 19, 2021, Hector Ruiz-Angulo was sentenced to 121 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. Mr. Ruiz-Angulo's total offense level was 35. He was assessed no criminal history points, and his criminal history was category I. Mr. Ruiz-Angulo's advisory sentencing range was 168-210 months. The Court varied downward to a below-the-guidelines sentence in consideration of Defendant's

history and characteristics including his remorse, early plea, family ties and responsibilities, his impoverished upbringing, limited education, and his serious health conditions. The Bureau of Prisons online inmate locator shows a release date from BOP custody of March 6, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Ruiz-Angulo's term of imprisonment of 121 months to below the minimum of the amended guideline range of 135-168 months in prison.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 417. A motion for sentence reduction will not be filed on behalf of Mr. Ruiz-Angulo because he received a sentence that was equal to or less than the minimum of the amended guideline range and comparable variances are not permitted. *Id*. The Court

provided an extended time for any *pro se* filing.  Dkts. 418, 422.  Nothing has been filed.

The Court already granted a significant downward variance taking into account all the considerations set forth above.  Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 121-month sentence.

This case involved a vast transnational criminal organization that dispatched self-propelled semi-submersible (SPSS) vessels from Colombia into the Pacific Ocean destined for drug cartel members in Mexico.  Dkt. S-232 at 6–10.  Within the organization, this Defendant assisted in constructing the SPSS vessels at the SPSS construction sites in the jungles of Colombia, and he was present throughout the construction process.  *Id.* at 7.  This Defendant, along with many others, were accountable for at least 18,290 kilograms of cocaine.  *Id.* at 10.  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (a)(2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Colombia and will likely be deported.

Mr. Hector Ruiz-Angulo's *pro se* motion (Dkt. 384) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

4

**DONE AND ORDERED** at Tampa, Florida on September 29, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE